

ENTERED
04/25/2019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| BARZAN HOSSEINI § | CASE NO: 18-20177 | |
|     Debtor § | | |
| § | CHAPTER 13 | |
| § | | |
| ZEBA, LLC § | | |
|     Plaintiff § | | |
| § | | |
| VS. § | ADVERSARY NO. 19-02001 | |
| § | | |
| BARZAN HOSSEINI § | | |
|     Defendant § | | |

## MEMORANDUM OPINION

Barzan Hosseini filed chapter 13 bankruptcy on April 30, 2018. Zeba, LLC filed a proof of claim in Hosseini's bankruptcy case, alleging a right to payment for $65,000.00 based on a deed of trust lien. (*See* Proof of Claim No. 6-1 at 1). Zeba later amended this proof of claim, reducing the amount of the claim to $54,608.49 for "money in [a] fiduciary account defalcated by Debtor." (Proof of Claim No. 6-2 at 2). Zeba also filed the complaint in this adversary proceeding against Hosseini, alleging that the debt owed in its proof of claim was nondischargeable under 11 U.S.C. §§ 523 and 727. (*See* ECF No. 1). Hosseini answered Zeba's complaint and asserted several counterclaims against Zeba. (ECF No. 5 at 15–22).

At issue in this motion for summary judgment is Hosseini's counterclaim for contempt and violation of the co-debtor stay under 11 U.S.C. § 1301. (ECF No. 5 at 18–22). Hosseini based his counterclaim on Zeba's state court suit against Hosseini's parents, Tom Hosseini and Victoria Mae Ciochetto, which was filed on September 26, 2018. (ECF No. 5 at 15). Hosseini claims that Zeba's suit violates the stay and the co-debtor stay because it attempts to collect the same debt in Zeba's proof of claim. (ECF No. 5 at 21).

Zeba filed a motion for summary judgment on Hosseini's counterclaim, arguing that the debt it seeks to recover was part of a check cashing business that Hosseini and his father participated in. (ECF No. 8 at 2). As a result, Zeba claims its state court suit to collect this debt cannot be subject to sanctions under § 1301, which only applies to consumer debt. (ECF No. 8 at 1). Hosseini disputes Zeba's contentions, stating that material issues of fact exist regarding whether the debt in question is commercial or consumer in nature. (ECF No. 13 at 2).

Zeba's motion for summary judgment is granted.

## **Background**[1]

Hosseini and his parents live at a home located at 3905 Keighley in Corpus Christi, Texas. (ECF No. 5 at 6). The home was originally purchased by Hosseini's grandmother in 2013. (ECF No. 5 at 6). When Hosseini's grandmother moved to Iran in 2013, she transferred her power of attorney to Hosseini's father. (ECF No. 5 at 6). Between 2014 and 2016 Hosseini's father experienced severe health issues which left him disabled. (ECF No. 5 at 7). Using the power of attorney, Hosseini's father executed a general warranty deed which transferred ownership of the home to Hosseini on April 6, 2016.

A Real Estate Note was executed on October 9, 2017, between Hosseini and Zeba. (See ECF No. 5-5). Under the terms of the Note, Hosseini's home served as collateral to secure the repayment of $65,000.00 owed to Zeba. (ECF No. 5-5 at 1). This Note is the focus of this dispute and the parties diverge when describing the circumstances surrounding its execution.

Zeba claims that it initially deposited $80,000.00 in an account to fund a check cashing business that Hosseini and his father operated. (ECF No. 1 at 3). Hosseini's parents were fiduciaries to the account and allowed Hosseini to access the account. (ECF No. 1 at 3). After

---

[1] The following background section is intended to provide context for this dispute and does not constitute findings of fact by the Court.

$80,000.00 was discovered missing from the account, Zeba confronted Hosseini, who allegedly admitted to misappropriating the funds and repaid $15,000.00. (ECF No. 1 at 4). In October 2017, Hosseini then purportedly agreed to execute the Note in Zeba's favor for $65,000.00, which Hosseini was required to repay over twelve months. (ECF No. 1 at 4). Hosseini also executed a deed of trust to Zeba and the Hosseinis' home served as collateral to secure repayment of the Note. (ECF No. 1 at 4). However, unbeknownst to Zeba, Hosseini had conveyed the property to his father on August 15, 2017, via a general warranty deed at his father's request. (ECF No. 5 at 7). This deed was not recorded until January 25, 2018, which Zeba claims was intentionally done to mislead it into believing that Hosseini had ownership of the home. (*See* ECF Nos. 5-3 at 3; 8 at 8).

Hosseini portrays these events in a different light. Hosseini claims that he was never an employee of the check cashing business and only assisted his father. (ECF No. 5 at 8). He alleges that on October 9, 2017, Zeba's owner confronted him and accused him and his father of losing $65,000.00. (ECF No. 5 at 9). In the presence of an armed security guard, he was then driven to a title company office in Corpus Christi. (ECF No. 5 at 9). According to Hosseini, the door to the office was locked after the parties entered and he was presented with the Note, which was already prepared. (ECF No. 5 at 9). Hosseini claims to have only signed the Note "out of fear and to protect the safety of his family." (ECF No. 5 at 9). Hosseini continued making payments on the allegedly fraudulent Note until April 2016 when he defaulted. (ECF No. 5 at 10). Zeba then foreclosed on the home, forcing Hosseini to borrow $48,500.00 from his family to repay the balance of the Note. (ECF No. 5-7at 4). According to Hosseini, Zeba refused to accept the final payment, claiming that additional money was required to repay the debt owed.

(ECF No. 5 at 10). Hosseini then filed for bankruptcy on April 30, 2018, to prevent Zeba from foreclosing on his family's home. (ECF No. 5 at 10).

## Jurisdiction

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(G) and (I). Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6.

## Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Federal Rule of Bankruptcy Procedure 7056 incorporates Federal Rule of Civil Procedure 56 in adversary proceedings. A party seeking summary judgment must demonstrate the absence of a genuine dispute of material fact by establishing the absence of evidence supporting an essential element of the non-movant's case. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Ben-Levi v. Brown*, 136 S. Ct. 930 (2016). Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Keen v. Miller Envtl. Grp., Inc.*, 702 F.3d 239, 249 (5th Cir. 2012). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015), *cert. denied*,

136 S. Ct. 1715 (2016).

A party asserting that a fact cannot be or is genuinely disputed must support that assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support that fact. FED. R. CIV. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. FED. R. CIV. P. 56(c)(3). The Court should not weigh the evidence. *Wheat v. Fla. Par. Juvenile Justice Comm'n*, 811 F.3d 702, 713 (5th Cir. 2016). A credibility determination may not be part of the summary judgment analysis. *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. FED. R. CIV. P. 56(c)(2). Moreover, the Court is not bound to search the record for the non-moving party's evidence of material issues. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014).

"The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence entitling the movant to judgment at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact. FED. R. CIV. P. 56(c)(1); *Celotex*, 477 U.S. at 322–24. The non-moving party must cite to specific evidence demonstrating a genuine dispute. FED. R. CIV.

P. 56(c)(1); *Celotex*, 477 U.S. at 324. The non-moving party must also "articulate the manner in which that evidence supports that party's claim." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). Even if the movant meets its initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

## Analysis

Zeba argues that under the Bankruptcy Code, the co-debtor stay cannot apply to the debt Hosseini owes it because it is commercial debt as a matter of law. (ECF No. 8 at 2). Eleven U.S.C. § 1301(a) states:

> [A] creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt . . . .

The Bankruptcy Code defines "consumer debt" as debt "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). The Fifth Circuit has distinguished between business and consumer debt in practice by examining "whether it was incurred with an eye toward profit." *In re Booth*, 858 F.2d 1051, 1055 (5th Cir. 1988).

Despite the severity of the allegations exchanged between the parties, the evidentiary record is scant. Zeba included 48 pages of checks, dated between April and September 2017. However, each of these checks were drawn from "Zeba LLC 11/15" and paid to "Zeba LLC." (*See* ECF No. 8 at 18–64). The checks themselves do not implicate Hosseini or his father in the check cashing business. Nor do the checks tie the alleged $65,000.00 debt from the Note to the check cashing business, failing to satisfy the standard for business debt under § 1301(a)(1).

The sole piece of evidence supporting Zeba's claims is the sworn affidavit of its owner, Moe Motaghi, which states that he was involved in a joint venture with Hosseini's father and initially funded an account with $80,000.00 in capital. (ECF No. 8 at 16). The affidavit further

states that the $80,000.00 disappeared from the account in October 2017, $15,000.00 of which Hosseini returned while the remaining $65,000.00 would be repaid through the Promissory Note secured by the Hosseinis' residence. (ECF No. 8 at 16). This sworn affidavit supports the conclusion that the Note was executed to secure the repayment of money taken from the check cashing business. Since the check cashing business was operated to obtain a profit, the Note was incurred as business debt and the co-debtor stay under § 1301(a) does not apply. *See In re Booth*, 858 F.2d at 1055. As a result, Zeba's motion for summary judgment is granted with respect to Hosseini's alleged counterclaim for violations of the co-debtor stay under § 1301(a).

## Conclusion

The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **April 25, 2019.**

                                    Marvin Isgur
                        UNITED STATES BANKRUPTCY JUDGE